### DOTY v. CRAWFORD.

1. PLEADINGS—IMMATERIAL OBJECTION.—Alleged error in charging that defendant could not object to a verdict against him individually, where the evidence showed that the debt was contracted by a partnership of which he was a member, he having raised no such objection by his pleading, is immaterial where it appears that defendant, before action brought, had dissolved the copartnership and individually assumed all of its liabilities.
2. TENDER—CONDITION.—There is no lawful tender where the tender is accompanied with a condition that the creditor shall receipt in full.
3. EVIDENCE.—*It seems* that the personal recollection by a merchant of a sale is as good evidence as his original book entries.
4. SUPREME COURT—NEW JURY TRIAL.—This court cannot consider error in the refusal of the Circuit Judge to grant a new jury trial on the facts.

Before ALDRICH, J., Fairfield, February, 1892.

Action by William R. Doty and David V. Walker, partners as W. R. Doty & Co., against Geo. W. Crawford.

*Mr. J. E. McDonald*, for appellant.

*Messrs. Ragsdale & Ragsdale*, contra.

March 29, 1893.  The opinion of the court was delivered by
MR. CHIEF JUSTICE MCIVER.  The plaintiffs brought this
action to recover the sum of one hundred and twenty-eight
43–100 dollars, alleged to be due to them by the defendant on
an account for goods, wares and merchandise sold and delivered
by them to him.  The defendant by his answer denies that he is
indebted in the amount claimed, but admits that he is indebted
to the plaintiffs on said account in the sum of one hundred and
twenty-three 93–100 dollars, which he alleges is the correct
amount of the account, and avers his willingness to pay the
same.  For a first defence, he pleads a tender, before action
commenced, of the amount thus admitted to be due, and a
refusal by plaintiffs to accept the amount so tendered.  For a
second defence, he pleads that after the refusal of said tender,
and before the action was commenced, the plaintiffs, in writing,
offered to accept the amount so tendered in payment of said
account, and that thereupon the defendant again tendered said
amount, when plaintiffs refused to accept the same in payment
of the account.

It seems that the only dispute between the parties was as to
a single item in the account, for a roll of bagging amounting
to the sum of $4.50, charged in the account, set out in the
"Case," on the 28th of October, 1890, which the defendant
alleged that he had never ordered or received, though he does
admit that the partnership of Crawford & Co., composed of
himself and his son, David A. Crawford, did get a roll of bag-
ging from the plaintiffs, which, however, they paid for.  There
was a conflict of testimony as to whether the bagging in dispute
was sold to the defendant individually, or to Crawford & Co.
through the son David, and the defendant offered in evidence
an account against Crawford & Co., on which appears a charge,
on the 13th of September, 1890, for fifty yards of bagging, $4.65,
which was receipted in full by the plaintiffs on the 26th of No-
vember, 1890.  It appears in testimony that the firm of Craw-
ford & Co. was dissolved on the first of January, 1891, when

the defendant says he gave public notice of such dissolution, and that all claims against the firm should be presented to him, as he had assumed the payment thereof.   When David Walker, one of the plaintiffs, was put upon the stand to prove the disputed item, he produced their original books of entry, in which this item, as well all the other items of the account, as we infer, was charged to Crawford & Co. or Crawford & Son, but the witness was allowed, over the objection of defendant, to prove that he remembered the sale and delivery of this bagging to the defendant personally, although in his cross-examination he speaks doubtingly as to whether he received the order for the bagging from the defendant or from his son.

The Circuit Judge, in his charge, instructed the jury that the complaint stated a cause of action against the defendant individually, and if he desired to interpose as a defence that his indebtedness was not as an individual but as a member of a firm, he should have done so either by demurrer, if that fact appeared in the complaint, or, if it did not so appear, by answer; and not having done either, he had waived any defence upon the ground of defect of parties.   In regard to the defence of tender, the jury were instructed that inasmuch as the claim sued upon was not an interest-bearing demand, that matter could not enter into their consideration; for the only effect of such a defence, if established, would be to stop interest and to deprive the plaintiffs of the right to costs; and hence as the claim did not bear interest anyhow, and the jury had nothing to do with the costs, they need not consider the question whether a tender was made.   He, therefore, instructed the jury that the only question for them to decide was whether the defendant owed the plaintiffs the whole amount of the account or only the amount admitted to be due.   Under this charge the jury rendered a verdict for the whole amount of the account, and judgment having been entered thereon, defendant appealed upon the several grounds set out in the record.

The first ground imputes error to the Circuit Judge in the instructions given to the jury in regard to the only mode in which defendant could interpose the defence that the disputed item in the account being a charge against

a partnership of which defendant was a member, and not against him individually, could not be recovered in this action. It seems to us, however, that in view of the undisputed testimony, coming from the defendant himself, that he had, by public notice, before this action was commenced, assumed the payment of all the liabilities of the firm of Crawford & Co., this was wholly immaterial; for when it was shown that the defendant had, in his individual capacity, assumed the payment of the debts of the former partnership, the account sued upon thereby became an individual debt of the defendant, even though it might have been originally contracted by the partnership. While it may have been better pleading to have alleged in the complaint these facts, yet when the testimony of defendant that he had, individually, assumed the payment of the debts of the former firm, was received without objection, this apparent defect was waived. We do not think, therefore, that the first ground of appeal can be sustained.

The second ground is based upon supposed error in the charge upon the subject of the alleged tender. Inasmuch as the undisputed testimony shows that the alleged tender of a part of the account sued for was coupled with a demand for a receipt in full of the whole account, the Circuit Judge might well have gone further, and instructed the jury that, under the testimony, they could not find that there was any lawful tender; for it is quite certain that an offer to pay part of a demand, coupled with a demand for a receipt in full, cannot have the effect of a tender, as such a demand would enable a debtor to coerce his creditor to abandon so much of his claim as may be disputed. If any authority is needed for so obvious a proposition, it can be found in the case of *Wistar, Sitar & Price* v. *Robinson*, 2 Bail., 274, as well as in the other authorities cited by respondents' counsel.[1]

The third and fourth grounds need not be considered, as appellant's counsel in his argument here has practically abandoned those grounds; though we may say that even if not abandoned they could not be sustained. While the

---

[1] 2 Greenl. Evid., § 605; 2 Pars. Cont., *644.

book entries of a merchant are competent evidence to show the sale and delivery of the articles charged, yet they are not the only or the best evidence of that fact. If a witness can, from memory, testify to the sale and delivery of a given article, we do not see why such evidence is not as good as the entries on the books.

As to the fifth ground of appeal, it is only necessary to say that this court has so often held that an exception to a refusal by the Circuit Judge to grant a new trial, upon the ground of a supposed preponderance of evidence, will not be considered here, that we do not desire to say more on the subject.

It appears in the "Case" that after the appeal was taken, respondents, while still asserting their right to recover the amount of the disputed item of the account, offered in writing, with a view to avoid further litigation, to remit on the record the sum of four 50-100 dollars. To this offer defendant replied, saying, that if plaintiffs would pay all the costs which had accrued, and also remit the said sum of $4.50, he would at once pay the amount which he admitted to be due. Plaintiffs replied, refusing to accept said terms, as they did not consider themselves liable for the costs, in any view of the case. This offer was probably made with a view to afford a ground for dismissing the appeal under the case of *York County* v. *Fewell*, 21 S. C., 108. But as we have considered and decided this case upon the merits, we see no occasion to consider this additional matter incorporated in the "Case" by amendment.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.