ALLEN v. COOLEY.

1. DEFECT OF PARTIES—ANSWER—DEMURRER—WAIVER.—A defect of parties must be raised by demurrer or answer, and if not, is waived.
2. PARTNERSHIP—FIRM DEBTS.—One partner of a firm may assume the firm debts, and a creditor may sue him alone.
3. APPEAL—EXCEPTION.—THIS COURT will not consider an exception based on no special objection and ruling below.
4. EVIDENCE—APPEAL.—THIS COURT will not consider the competency of testimony not actually offered. Proper practice indicated.

Before ALDRICH, J., Abbeville, January, 1898. Affirmed.

Action by K. W. Allen *v.* D. K. Cooley. Judgment for plaintiff. Defendant appeals.

*Messrs. Graydon & Graydon*, for appellant, cite: *Paper inadmissible because irrelevant:* 6 How. Pr., 401; 12 N.Y., 320; 11 Wheat., 171; 5 Sand., 54; 2 E. D. Smith, 314; 3 Duer, 161. *No authority shown for execution of sealed note:* Code, 169; 5 S. C., 10; 11 S. C., 439; 17 S. C., 411; 18 S. C., 495; 24 S. C., 39; 29 S. C., 64.

*Mr. W. H. Parker*, contra, cites: *Paper relevant:* 23 S. C., 75. *Objection not ruled on, not considered here:* 44 S. C., 36. *New trial not granted unless irrelevant testimony*

*could have affected verdict:* 30 S. C., 172; 34 S. C., 18.
*Relevancy largely question of discretion:* 35 S. C., 549; 42
S. C., 121; 43 S. C., 381. *Refusal to charge requests not
applicable to issues no error:* 51 S. C., 193; 48 S. C., 196;
33 S. C., 84; 46 S. C., 79. *Defect of parties can only be
raised by demurrer or answer:* Code, 165, 169; 7 S. C., 472;
12 S. C., 592, 56, 130; 21 S. C., 33; 39 S. C., 3. *Plaintiff
could look to Cooley alone:* 67 N. Y., 95; 38 S. C., 383.

July 30, 1898. The opinion of the Court was delivered by
Mr. Justice Gary. The plaintiff brought this action
on a note, of which the following is a copy: "$2,000. One
day after date, we promise to pay to Mrs. K. W. Allen, or
order, the sum of $2,000, for value received, interest at eight
per cent. per annum. Allen & Cooley. (L. S.) Witness our
hands and seal, November 20th, 1891." The third para-
graph of the complaint is as follows: "3. That on the 30th
day of September, 1897, the said firm of Allen & Cooley
was dissolved by mutual consent, and a division of the as-
sets had; and on the same day, the said D. K. Cooley made
and delivered to the said B. Berry Allen a paper, of which
the following is a copy: 'State of South Carolina, Abbeville.
Know all men by this paper, that by reason of a mutual
dissolution of the firm of Allen & Cooley, that I, D. K. Cooley,
have bought the entire stock of goods and chattels belonging
to the firm of Allen & Cooley, together with all notes, mort-
gages, accounts, liens, and deposits; and I do hereby assume
all the indebtedness of the old firm, and do hereby release
B. Berry Allen from all obligation in the payment of the
same. (Signed) D. K. Cooley. H. C. Fennel, witness.
September 30th, 1897.' "
The defendant admitted to be true all the allegations
contained in said paragraph. For a defense, the defendant
alleged that the note was not made and delivered to the
plaintiff by the firm of Allen & Cooley, or by the defend-
ant, or by B. Berry Allen, who was the other member of
the firm. For a further defense, he alleged: That he did

not authorize B. Berry Allen, or any one else, to execute and deliver the note to the plaintiff, and that he has not ratified the execution and delivery thereof. For a further defense, he alleged: That at the time of the dissolution of said firm, a list of the debts due by Allen & Cooley was made out, but that the said note was not mentioned to him by any one, and that he did not know that the note was claimed to be in existence until several days after the dissolution; that upon its presentation by the plaintiff, he refused payment. The jury rendered a verdict in favor of the plaintiff.

The appellant's first exception imputes error as follows: "1. In admitting in evidence the paper set out in the plaintiff's complaint, the same being irrelevant to the issue made by the pleadings, as to whether the defendant was liable to the plaintiff on the note in suit." There are two reasons why this exception cannot be sustained: *First.* Because, if it was necessary to make B. Berry Allen, the other member of the firm, a party defendant, then there was a defect of parties defendant. This objection should have been interposed by demurrer or answer, and having failed to do so, the right to insist upon this objection was waived. *Second.* Because, by the terms of dissolution, the defendant's liability became *primary*, and he could be sued as an individual. *Doty* v. *Crawford*, 39 S. C., 3, *Latimer* v. *Latimer*, 38 S. C., 383.

The second exception submits that there was error as follows: "2. In allowing plaintiff's attorney to ask and the witness, B. B. Allen, to answer, notwithstanding the objection of defendant, the following question: 'You were doing all you could for Mr. Cooley then, were you, Mr. Allen?' the same being irrelevant to any issue raised by the pleadings, and having a tendency to mislead and prejudice the jury." The case shows that the presiding Judge made no ruling upon appellant's objection, nor was there a specifc ground of objection, nor did appellant's at-

torneys insist upon a ruling, nor was there a motion to strike out the testimony. This exception is overruled.

The third exception is as follows: "3. In allowing the witness, J. Belton Watson, notwithstanding the objection of the defendant, to make the following answer to a question propounded to him by plaintiff's attorney, to wit: 'Well, taking into consideration what has been said, and taking into consideration the further fact that I went to Georgia to see a sister of mine, and came back by way of Lowndesville, I should state that this is the time we had that conversation,' the said answer being based upon the statements of others, being argumentative, and not stating facts, but merely the opinion of the witness." At the close of the witness' testimony, of which the above is only a part, the case shows the following: "Mr. Graydon objects. Objection overruled. Exception noted." The ground of objection was not stated; and a ground of objection which was not ruled upon by the presiding Judge cannot be urged in this Court. But even if the testimony was erroneously admitted on the grounds stated in the *exception*, the error was harmless.

The fourth exception alleges error as follows: "4. In refusing to allow the defendant to testify as to the drawing out from the firm of Allen & Cooley some money due on building and loan stock, which testimony was strictly in reply to sundry statements made by the said B. Berry Allen as to the amount put in and drawn out by him, which statements were calculated to mislead and prejudice the jury unless the defendant was allowed to show that they were not true." The case shows the following: "D. K. Cooley, sworn, says: A short while previous to this settlement or wind up of the business, had he gotten any other sum of money out of the business before that. He and I had some building and loan stock in Atlanta, and he got some money for that. Mr. McGowan objects to going into everything. Objection sustained." All the evidence which the appellant offered was admitted. As the

appellant did not offer to introduce further testimony, this Court cannot say that the testimony would have been competent, and that it would have been ruled out by the presiding Judge. The proper practice in such cases is to offer the testimony, and to have the presiding Judge to rule upon its competency, if specific objections are urged against its introduction.

The fifth, sixth, and seventh exceptions submit the following as errors, to wit: "5. In charging the jury upon the paper set out in the complaint, the same being irrelevant to the issues involved in this case 6. In refusing defendant's second request to charge, which is in the following words: '2. That the plaintiff having brought her action against D. K. Cooley, and having introduced a note signed by Allen & Cooley, cannot recover in this action.' 7. In refusing to charge defendant's third request, as follows: '3. That the note being a joint note, the plaintiff cannot recover in this action against D. K. Cooley alone.' " The questions raised by these exceptions are conclusively settled by the case of *Doty* v. *Crawford*, *supra*, in which Mr. Chief Justice McIver, delivering the opinion of the Court, says: "The Circuit Judge, in his charge, instructed the jury that the complaint stated a cause of action against the defendant individually, and if he desired to interpose as a defense that his indebtedness was not as an individual, but as a member of a firm, he should have done so either by demurrer, if that fact appeared in the complaint, or, if it did not so appear, by answer; and not having done either, he had waived any defense upon the ground of defect of parties. * * * The first ground imputes error to the Circuit Judge in the instructions given to the jury as to the only mode in which defendant could interpose the defense, that the disputed item in the account, being a charge against a partnership of which defendant was a member, and not against him individually, could not be recovered in this action. It seems to us, however, that in view of the undisputed testimony, coming from the defendant himself,

that he had by public notice, before this action was commenced, assumed the payment of all liabilities of the firm of Crawford & Company, this was wholly immaterial; for when it was shown that the defendant had, in his individual capacity, assumed the payment of the debts of the former partnership, the account sued upon thereby became an individual debt of the defendant, even though it might have been originally contracted by the partnership. While it might have been better pleading to have alleged in the complaint these facts, yet when the testimony of defendant, that he had individually assumed the payment of the debts of the former firm, was received without objection, the apparent defect was waived." These exceptions are overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.