WM. L. ALLEN & CO. v. DAVIDS.

COPARTNERSHIP—PLEADINGS.—In suit against individual members of a copartnership, for goods sold and delivered to the partnership business, served on only one member, it is not necessary to allege that at time of sale plaintiff seller knew that such defendant was a member of the partnership.

Before ALDRICH, J., Charleston, December, 1903. Affirmed.

Action by Wm. J. Allen & Co., a corporation, against W. Irving Davids and Esdaille M. Solomons, copartners, conducting Congress Hall Hotel. From order refusing motion to amend, defendant, Solomons, appeals.

*Messrs. Mordecai & Gadsden,* for appellant, cite: *If credit was not given to Solomons as member of firm, he is not bound:* 1 Story on Con., 311; 8 L. R. A., 657; 27 L. R. A., 126; 111 U. S., 529; 22 Ency., 162; 124 N. Y., 280.

*Messrs. Smythe, Lee & Frost,* contra, cite: *Complaint is definite:* 15 Ency. P. & P., 920. *And need not allege that at time credit was given, plaintiff knew of partnership:* 22 Ency., 2 ed., 63, 161, 20-28; 15 Ency. P. & P., 869; Par. Part., 62; 30 S. C., 140; 4 Rich. L., 309; 12 Rich. L., 176.

November 28, 1904. The opinion of the Court was delivered by

MR. CHIEF JUSTICE POPE. The plaintiff by this action seeks to recover an account of seventy-three and 60-100 dollars against the defendant, Esdaille M. Solomon, who alone was served with the summons and complaint, as the balance due the plaintiffs by W. Irving Davids and Esdaille M. Solomons, as copartners in the conduct and management of the Congress Hall Hotel, Saratoga, New York. It will be necessary to have before us the complaint and agreement of the defendants; they are as follows. The complaint, omitting the caption, is as follows:

"The plaintiff, complaining of the defendants, alleges as follows:

"1. That it was at the times herein mentioned, and is now, a corporation created by and existing under the laws of the State of New York.

"2. That, heretofore, on or about the 8th day of June, 1903, the defendants, W. Irving Davids and Esdaille M. Solomons, entered into a written agreement, a copy of which is hereto attached and made a part of this complaint.

"3. That by reason of the said agreement, the said defendants were copartners in the conduct and management of the Congress Hall Hotel, therein referred to, subsequent to the date of said agreement, and during the operation of the lease therein referred to, and became liable for all the debts contracted by either of said defendants during the said time in the conduct and management of said hotel or business connected therewith.

"4. That the defendants are indebted to the plaintiff in the sum of seventy-three and 60-100 dollars ($73.60) ; the said amount representing the balance due for merchandise, sold and delivered by the plaintiff to the defendants, subsequent to the date of said agreement and during the operation of the lease referred to therein ; the said goods and merchandise, and the time of their sale and delivery to the defendants, and their value, being fully alleged and set forth in the annexed itemized and verified account, which is hereby made a part of this complaint. And the plaintiff alleges that there is now due and owing by the defendants to it, the full and just sum of seventy-three and 60-100 dollars ($73.60), as is shown by said account.

"Wherefore, plaintiff demands judgment against the defendants in the sum of seventy-three and 60-100 dollars ($73.60)."

And a copy of the agreement is as follows :

"Memorandum of agreement made this eighth day of June, 1903, between W. Irving Davids, of Charleston, S. C., a party of the first part, and Esdaille M. Solomons, of the same place, party of the second part.

"Whereas, heretofore, by an instrument dated May first, 1903, the party of the first part herein leased of Henry Clement and John B. Clement, as executors, etc., of William B. Clement, and one John Cox, for the term of five months, the property known as Congress Hall, in the village of Saratoga Springs, N. Y.; and

"Whereas, the said lease was signed and executed by the party of the first part herein as sole lessor; and

"Whereas, as understood and agreed between the parties hereto, in the leasing of said hotel, the party of the first part herein is to render his personal services, and the benefit of his experience in the management of said hotel; and the party of the second part is to furnish one-half of the capital necessary to conduct and manage the same; and the parties hereto are to divide the profits, derived from the conduct and management of said hotel, equally share and share alike.

"Now, therefore, it is mutually understood and agreed by and between the parties hereto, that the said party of the first part and the party of the second part have and hold equal interests in the lease above mentioned, and are considered hereby partners in the conduct and management of said Congress Hall, under said lease, and to share and share alike equally in and to the profits derived from said conduct and management of said hotel.

"It is further mutually understood and agreed that the terms and covenants herein shall bind the parties hereto, their executors, administrators or assigns.

"In witness whereof, the parties hereto have set their hands and seals, the day and year above written.

"W. IRVING DAVIDS,   [L. S.]
"ESDAILLE M. SOLOMONS.   [L. S.]"

The attorneys for defendant, Solomons, served upon plaintiff the following motion:

"You will please take notice, that on Tuesday next, 8th of December, inst., at the hour of 10 o'clock, or as soon thereafter as counsel can be heard, we shall move the Hon. James Aldrich, presiding Judge, at the Court House in Charleston, for an order requiring the complaint herein to be more definite and certain in the following particulars, to wit: by alleging to whom and under what partnership name the credit was given for the goods and merchandise mentioned in the complaint, and whether said credit was extended to

W. Irving Davids and Esdaille M. Solomons, as copartners in business upon the faith of said copartnership known to the plaintiff when said credit was given."

Upon hearing the motion, and after argument of counsel, Judge Aldrich made the following order:

"On hearing the motion of the defendant, E. M. Solomons, to make the complaint herein more definite and certain, in the particulars set forth in the notice of said motion, and after hearing argument for and against said motion by counsel representing the plaintiff and the defendant, E. M. Solomons, it is ordered, that the complaint be amended as follows: By inserting in paragraph 4, after the words 'sold and delivered by the plaintiff to the defendants,' and before the words 'subsequent to the date of said agreement,' the following, to wit: 'As copartners in the conduct and management of the said Congress Hall Hotel,' and that in other respects the motion be, and is hereby, refused.

"It is further ordered, that the defendants have twenty days after the service of the said complaint, amended as aforesaid, in which to plead thereto."

Thereupon the defendant took the following ground of appeal: "Because the presiding Judge erred in not requiring plaintiffs to amend their complaint by alleging to whom and under what copartnership name the credit was given for the goods and merchandise mentioned in the complaint, and whether said credit was extended to W. I. Davids and E. M. Solomons as copartners in business upon the faith of said copartnership known to the plaintiffs when said credit was given."

The fourth paragraph of the complaint as amended by the Circuit Judge reads as follows: "4. That the defendants are indebted to the plaintiffs in the sum of $73.60-100, the said amount representing the balance due for merchandise, sold and delivered by the plaintiff to the defendants *as copartners in the conduct and management of the said Congress Hall Hotel,* subsequent to the date of said agreement and during

the operation of the lease referred to therein; the said goods and merchandise and the time of the sale and delivery to defendants and their value being fully alleged and set forth in the annexed itemized and verified account, which is hereby made a part of this complaint."

We deem it best to set out a copy of the account:

"New York, 10, 27, 1903.

"Congress Hall, Saratoga Springs.

Bought of William Allen & Co., 470 Broadway.

1903.

| | | | |
|---|---|---|---|
| June 24th. | 1 guest index book, No. 6050 | $3 | 00 |
| " | 1 pad call lists, No. 6039 | | 35 |
| 30th. | 1 N. Y. form trans. ledger, 4149 pp. | 9 | 00 |
| " | 1 office order book, No. 6001 A | 3 | 00 |
| " | 1 book blank checks | | 25 |
| " | 50 guests' safety envelopes | 1 | 00 |
| July 8th. | 1 bar book, No. 6000 | 2 | 50 |
| 31st. | 1 M. breakfast menus, 45 8x7 1-4 Erab., 106925 | 7 | 00 |
| " | 3 M. dinner menus, 45 8x7 1-4, Erab., 106926 | 21 | 90 |
| " | 3 M. luncheon menus, 45 8x7 1-4 Erab., 106927 | 21 | 90 |
| Aug. 8th. | 250 guests' safety envelopes | 3 | 75 |
| " | 500 wine lists, 51 4x10, Erab., 106928. | 15 | 00 |
| | | $86 | 85 |
| | By cash, August 24th | 13 | 25 |
| | | $73 | 60" |

It is apparent that every item embraced in the account is connected with the running of a hotel, and that hotel is "Congress Hall, Saratoga Springs, New York State," and, furthermore, the date of each item is subsequent to the alleged partnership agreement and before its termination. We must always remember that the partnership is a new

entity and binds everybody who is a party to it, whether known as a party to it at the time or not.

Again, to so much of defendant's objection that the complaint does not allege that at the time the credit was given, the plaintiffs knew of the partnership. In 22 A. & E. Ency. Law. (2d ed.), at page 63, it is held: "A dormant partner is a partner who takes no part in the business and whose connection with it is unknown."

Our own case of *Reab* v. *Pool,* 30 S. C., 140, 144, 8 S. E., 703 is a case well in point. In this case one S. L. Vaughn purchased an interest in the business conducted in the name of "R. R. Pool, Agent," and the business was conducted in that name. Upon default in payment of the obligation of R. R. Pool, Agent, the defendant, Vaughn, was sued as a partner. He tried to avoid such obligation by alleging that he had received none of the profits of the business *and was not known in it* (italics ours). The Court, however, held, "Whether Vaughn was known in the business or not, could not affect the case. He agreed to become a partner under the old style of 'R. R. Pool, Agent.' He was a partner, but a dormant partner, and as such, could not, of course, be known in the business."

We might multiply authorities, but the foregoing are deemed sufficient. Other Courts may take a different view, but we deem our position fully tenable.

It is the judgment of this Court, that the order appealed from is just and proper, and it is, therefore, affirmed.