## 7488

### McGHEE v. MONTGOMERY.

1. EVIDENCE.—Relevancy of testimony is within discretion of trial
Judge and his action in reference thereto will not be disturbed unless
there be abuse of discretion.

2. IBID.—PLEADINGS.—Evidence tending to prove items of an account
attached to the complaint and alleged to have been furnished defend-
ant under contract is in support of allegations of the complaint.

3. PARTNERSHIP.—The contract in question construed to cover the
transactions of the "tobacco season" for the year, and the partners
coming in under the contract after the opening of the season are
liable for debts made before the execution of the contract but within
the season.

4. IBID.—PAYMENT—ACCOUNT.—Where an individual, while conducting
a business in his own name, is running an account with another and
then takes others into the business with him as partners and the
same account is continued, payments made on account, after the
formation of the partnership, not appropriated by the debtor but
simply credited on account, are applied under the law to the oldest
items in the account.

*Wiesenfield* v. *Bird,* 17 S. C., 106, *distinguished from this case.*

5. REHEARING refused.

Before ALDRICH, J., Marion, Spring term, 1908.
Affirmed.

Action by H. W. McGhee against W. J. Montgomery, W. H. Cross and E. C. Edmunds, trading under firm name of E. C. Edmunds. From Judgment for plaintiff, defendants appeal.

*Messrs. Jas. W. Johnson* and *Walter F. Stackhouse,* for appellant, cite: *Defendants entitled to verdict on counterclaim:* 55 S. C., 528. *As to the liability of an incoming partner:* 1 Col. Law Part., secs. 156, 518, 522, 529, 539, 819, 756; 1 Add. on Con., 176; 101 U. S., 43; 2 Current L., 1116; 79 App. Div., N. Y., 56; 40 So. R., 128; 39 So. R., 913; 22 Ency., 174. *As to the application of payments:* 20 S. C., 34; 74 S. C., 371; Code L. of Part., 861; Par. on Con., 746, 193; 127 Ga., 599; 93 N. W., 98; 107 S. W., 988; 152 F., 263; 58 S. E., 291; 30 Cyc., 617; 12 S. C., 32; 2 Rich. Eq., 66; 5 Rich. Eq., 155.

*Messrs. Henry Buck, Willcox & Willcox* and *Henry E. Davis,* contra, cite: *Partnership liabilities:* 4 Rich., 309; 52 S. C., 75; 62 S. C., 73; 30 S. C., 140; 18 S. C., 223; 22 Ency., 76; 30 S. C., 140; 70 S. C., 260; 72 Am. St. R., 354. *Payments and counterclaim:* 9 Wheat, 720; 30 Cyc., 1244; 96 Am. St. R., 63; 31 Vt., 701; 41 Am. R., 271; 38 Am. D., 291; 67 Am. St. R., 389; 30 L. R. A., 607; 4 McC., 136; 2 Bail., 133; 21 S. C., 352; 26 Am., R., 631.

The opinion in this case was filed October 7, 1909, but remittitur held up on petition for rehearing until

March 14, 1910. The opinion of the Court was delivered by

ALLEN J. GREEN, ACTING A. J., *in place of* MR. JUSTICE WOODS, *disqualified.* Action by plaintiffs as partners to recover from defendants as partners, seven hundred and seventy-five and 51-100 ($775.51) dollars, balance alleged

to be due upon account current for tobacco sold and delivered during the tobacco season, 1899.

The plaintiffs are partners conducting a tobacco warehouse at Nichols, and the defendants are alleged to be partners trading under the name of E. C. Edmunds, engaged in purchasing tobacco on orders, and the alleged indebtedness was incurred in the course of such business during the year aforesaid.

The action was commenced in the year 1902, and came to this Court upon appeal from an order overruling demurrer of the defendants; upon that appeal the judgment of the Circuit Court was affirmed (68 S. C., 332). The defendants then answered, and the cause was tried at spring term, 1906, before Judge Gage and a jury, and resulted in a verdict for plaintiff for full amount claimed; this verdict was set aside by Judge Gage and the cause came on for trial at spring term, 1908, before Judge Robert Aldrich and a jury. Upon the close of plaintiff's testimony, the defendants moved for the direction of a verdict in their favor upon the counterclaim set up by them, and failing in that, for a nonsuit; both motions were refused and the cause proceeded. Upon the close of the testimony, the defendants renewed their motion to direct a verdict, this motion was refused and a verdict directed for the plaintiff for the full amount thereon, this appeal is taken upon numerous exceptions.

Exceptions 1, 3, 4, and 6 allege error in the admission of certain testimony upon the ground that the same is irrelevant because relating to transactions prior to the date of the articles of partnership, and further, because there was no sufficient allegation in the complaint showing the assumption of the debt by the partnership.

Relevancy of testimony is a matter largely within the discretion of the trial Judge, and his ruling is not subject to appeal unless there has been an abuse of discretion. *McCraney* v. *So. R. R.,* 83 S. C., 103.

There was no abuse here.

The second allegation of the complaint alleges the partnership, and the third allegation alleges that during the tobacco season the plaintiff sold and delivered to the defendants, to wit: "To the defendant, E. C. Edmunds, for the use and benefit of himself and his co-defendants, W. J. Montgomery and W. H. Cross, under the terms of said contract," the goods, chattels, etc., described and specified in an annexed itemized account, the testimony objected to related to the proof of the items upon this account. These exceptions, therefore, cannot be sustained.

Exceptions numbered 2, 5, 7, 7, 8, 9, 10, 13 and 16 were not argued, and are, therefore, deemed to have been abandoned. *Ackerman & Reeves* v. *A. C. L. R. R.*, 83 S. C., 285.

The remaining exceptions raise the important questions in the case, and will be considered together.

The action is based upon the following written agreement, which is admitted by the pleadings:

"The State of South Carolina, Marion county: An agreement entered into this 1st day of October, 1899, between E. C. Edmunds, as the party of the first part, and W. H. Cross, and W. J. Montgomery, as parties of the second part, witnesseth:

"Whereas, said party of the first part is engaged in the business of buying tobacco on orders on the Marion, Nichols and Lumberton markets, and the money to purchase same is being furnished by the Merchants and Farmers Bank of Marion, S. C. Now in consideration that said parties of the second part shall hold harmless said bank from loss by reason of said purchases by said party of the first part, he agrees that they shall receive one-fourth of the profits arising from said business, expenses of conducting said business, including interest charges, to be deducted before there is any division of profits. The business is to be conducted and the account kept in the name of the said party of the first part; a balance sheet to be

.

rendered monthly. This agreement is to cover the business of the present season, and continue of force until dissolved by the mutual consent of parties hereto.

"In witness whereof the parties hereto have affixed their seals the day and year above written.

|              | (Signed) | E. C. EDMUNDS,     | (SEAL.) |
|              | (Signed) | W. H. CROSS,       | (SEAL.) |
|              | (Signed) | W. J. MONTGOMERY,  | (SEAL.) |

Witness:

(Signed) W. F. STACKHOUSE."

Upon the trial the defendants admitted in writing that the tobacco season of 1899 covered the period from July 27th to December 31st, which embraces the transactions in the account current, and that the written agreement constituted them partners from its date, and also the correctness of the items of the account sued on from October 1st, the date of the written agreement.

There was no dispute as to the correctness of the items of the account prior to October 1st, the date of the agreement of copartnership, in fact, Mr. Edmunds admitted it, and Mr. Montgomery testified that he is satisfied it is an honest debt; but the contention is that under the terms of the agreement and the law regulating the liability of incoming partners, the items prior to October 1st are the individual debt of Edmunds, and that the credits since October 1st being partnership funds, must be applied in liquidation of the items accruing since October 1st, and so applied, they show a balance in favor of the partnership, which balance is set up as a counterclaim.

It will thus be seen that the fundamental inquiry is the proper construction of the written agreement.

It being admitted this agreement constituted the defendants partners, it follows as a necessary consequence they are subject to the liabilities and entitled to the benefits accruing from such relations. In our view, the instrument itself fixes the period from which the partnership is to commence,

to wit: "The present season," which under the admission is from 27th July to 31st December, 1899; any other construction of the agreement must result in eliminating the clause. "This agreement is to cover the business of the present season, etc." The account current, therefore, by the express agreement of the parties embraces the transactions of the partnership, and not of the individual partner, in whose name the business was conducted, and as they are entitled to the profits during the term and have undertaken to guarantee the procurement of the necessary funds for its conduct, they are necessarily liable for the debts contracted during the term for the conduct of the business. *LaMontayne* v. *Bank of N. Y., N. B. A.*, 183 N. Y., 173; *Jones* v. *Davies*, 72 Amer. State Rep., 354.

It is immaterial that they received no profit, and that they were not known in the business. *Allen* v. *Davis*, 70 S. C., 261, 49 S. E., 846; *Reab* v. *Pool*, 30 S. C., 140, 8 S. E., 703.

But it is contended if the contract of partnership be retrospective in its operation, such operation is limited to the contracting parties, and under the doctrine of *Hunter* v. *Young*, and the law applicable to incoming partners, the balance, $1,644.29, which the account shows was due on the date of the articles of partnership, was the individual debt of Edmunds, or, at least, the debt contracted prior to the formation of the partnership, and the creditor cannot recover from the new firm in the absence of a contract express or implied with them to assume the debt.

The application of this doctrine is relaxed in favor of the creditors in those jurisdictions where, as in this State, a contract made for one's benefit may be sued on by him.

In 22 Ency. of Law, new edition, page 175, it is said: "But such undertakings are available to the creditors where they can be considered as made for their benefit (in jurisdictions where a contract made for one's benefit may be

sued on by him), and likewise where the elements of a true novation exists."

In an elaborate note to *Dean* v. *Collins,* 9th L. R. A., N. S., page 96, where the authorities are collated, the author summarizes the American Law, as follows: "The courts of a majority of the American States look upon an assumption of partnership liability as a provision made for the benefit of the partnership creditors, and of which he is at liberty to take advantage whether he assents or not."   ·

In our own cases of *Allen* v. *Cooley,* 53 S. C., 77, 30 S. E., 721, and *Doty* v. *Crawford,* 39 S. C., 1, 17 S. E., 377, it is held that where on dissolution such assumption is made, the liability becomes primary, and the retiring partners need not be joined.

Upon principle and the weight of American authority, it thus appears that this doctrine is not applicable in this case.

But it will not be necessary to rest the case upon this point; for the record shows that no change was made in the account after the articles of October 1st; the account was continued as a running account without break, and payments made in the ordinary course of business without specific appropriation on October 2d and 14th more than counterbalance the amount due on October 1st.

The rule in such cases is that unless appropriation is made by the debtor, the general rule as to the application of payments upon current accounts prevails, and the credit is applied in liquidation of the oldest items of the account. Thus in note to *McWorter* v. *Blumenthal,* 96 Amer. State. Rep., 65, it is said: "The fact that the personnel of the firm is changed made no difference," *Faust* v. *Kirkpatrick* (N. J. Eq.), 54 Atlantic, 554, "where the Court said since the case of *Devavnes* v. *Noble,* 1 Meriv., 529, the rule has been recognized, that if after dissolution of a firm by a change in the partnership, an account is carried on as a running account with the succeeding firms, payments made to subsequent firms unless appropriated by the party will go to

discharge the oldest items of the account." Citing Bates on Partnership, par. No. 497, and a number of cases. See also *Hersey* v. *Bennett,* 41 Am. R., 271. In *Hopper* v. *Hopper,* 61 S. C., 124, 137, a case in which the application of a payment to a debt barred by limitation was allowed, Chief Justice McIver thus states the doctrine of the application of payment: "Where one person is indebted to another upon two or more accounts, the debtor, when he makes a payment, may at the time he makes such payment, direct the application of the sum of money paid to whichever debt he pleases, but if he fails to give such direction at that time, then the creditor may at any time thereafter apply such payment to whichever debt he pleases, or may divide the amount of such payment equally, or in any other proportion between the several debts, as he may see fit to do."

It is urged, however, that in this State this rule does not apply where the debts due are not of the same character as in this case, one individual and one partnership, and in such case the application must be made in exoneration of the owners of the fund from which the credit arises, and *Wiesenfeld* v. *Bird,* 17 S. C., 106, is cited as authority.

But the doctrine of that case is not applicable here for the reason that the fundamental principle upon which the liability of a firm for the acts of its members is based is agency; as said by Judge Nott in *Halls* v. *Coe,* 4th McCord, 137, 139. "Each member of a firm is the accredited agent of the other. They recommend him to the world as entitled to their confidence, and if he abuse his trust the loss must fall upon those who have conferred upon him such authority, and not upon those who have trusted him upon their recommendation. It would be destructive of all confidence and subversive of the first principles of such association if the law were otherwise." In the Wiesenfeld case, the death of the partner dissolved the partnership, and terminated the agency; the authority of the survivor extended

only to the winding up of the business to which its assets were first applicable; hence, any new business he did after the death of his partner could not be charged to the old firm, nor did he have authority, after the termination of his agency, to apply the assets of the old firm to the payment of his new debt, hence, the creditor would have no authority to make such application; while in the case at bar the records show that at the time the payments were made, the partnership was in existence, and the agency of the members by reason thereof fully established, so even if the balance of October 1st be the individual debt of Edmunds, the payment thereof by him with the firm assets would discharge the debt. *Hall* v. *Coe, supra, Maybin* v. *Moorman,* 21 S. C., 352.

The payment, therefore, upon the account without appropriation conferred the right upon the creditor to make such appropriation and the balance due on October 1st thus became liquidated, and the balance sued for having accrued after the formation of the partnership, the debt of the new firm.

There was no error in directing the verdict.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

March 14, 1910. PER CURIAM. After careful consideration of the within petition the Court is of the opinion that no material question of law or fact has been overlooked or disregarded.

It is, therefore, ordered that the petition be dismissed and the stay of remittitur heretofore granted be revoked.