9124

PORTER, BY HIS GUARDIAN *AD LITEM*, v. F. W. POE
MFG. CO.

(87 S. E. 418.)

MASTER AND SERVANT. SAFE APPLIANCES. DUTY TO WARN. DELAY IN
PROSECUTING ACTION. CHARGE. NEGLIGENCE.

1. CHARGE.—A charge that delay, within the period of limitation, in
bringing an action is not a matter for the jury to worry about, is
error and prejudicial to defendant.

2. TRIAL — INSTRUCTIONS — ISSUES MADE. — In an action for personal
injuries by an infant servant, where the plaintiff's mother was cross-
examined about the long delay in prosecuting the suit, and defend-
ant's counsel argued to the jury that long delay was a suspicious
circumstance, counsel for plaintiff objecting, a charge that the fact
that the complaint was filed some years ago after the accident, was
not a matter for the jury to worry about, was improper, as from it
the jury might infer that no consideration should be given to the fact
that suit was long delayed, while the issue was plainly made in testi-
mony, argument and in charge.

3. APPEAL AND ERROR—RESERVATION OF GROUNDS OF REVIEW—INSUFFI-
CIENCY OF EVIDENCE.—Under rule of practice 77 (75 S. C. 571, 73
S. E. 7), the point that the evidence is insufficient to support a verdict
should be made by motion for nonsuit at the close of testimony or to
direct verdict for defendant.

4. MASTER AND SERVANT — SAFE APPLIANCES — NEGLIGENCE. — The fact
that the metal cap covering the headgear of a spinning frame was
lifted up, when it might have been shut down, does not show a fail-
ure of the master to keep the machinery in proper repair.

5. MASTER AND SERVANT—INJURIES TO SERVANT—REPAIR OF MACHINERY
—SUFFICIENCY OF EVIDENCE.—In an infant servant's action for
injuries, evidence *held* insufficient to show that defendant failed to
keep the headgear of a spinning frame, covered by a metal cap, in
proper repair.

6. MASTER AND SERVANT—MASTER'S DUTY TO SERVANT—DUTY TO WARN
OF DANGER.—Where a boy, employed as a sweeper in a mill, was
injured when he put his forefinger into the headgear of a spinning
frame, the master was not liable for his failure to warn of the
dangerous character of the machine, since the boy's duty of sweeping
did not require that he should touch the machinery, while the master's
only duty to warn an employee is about matters so connected with
his work as to make it probable that danger will come to him in
the course of employment.

7. MASTER AND SERVANT—DUTY TO WARN.—There is no duty on the
master to warn a servant about any matters except those so con-

nected with his work as to make it probable they would impinge upon it.

8. MASTER AND SERVANT.—Negligence on the part of the master is not to be inferred from the happening of an injury to a servant; and where there is no evidence tending to show negligence on the part of the master, a recovery based on such negligence should be reversed.

9. MASTER AND SERVANT—INJURY IN COURSE OF EMPLOYMENT—SUFFICIENCY OF EVIDENCE.—In an action by a boy, employed as a sweeper in a mill, for injuries received when he put his forefinger into the headgear of a spinning frame, evidence *held* insufficient to show that the accident was in the course of his employment of sweeping.

10. MASTER AND SERVANT—INJURY TO SERVANT—RES IPSA LOQUITUR.— Negligence of the employer could not be inferred from the mere fact that plaintiff, a boy employed as a sweeper in a mill, had his finger injured in the headgear of a spinning frame.

Before MAULDIN, J., Greenville, June, 1914.   Reversed.

Action by Willie Porter, by his guardian *ad litem,* C. L. Hammett, against F. W. Poe Manufacturing Company. From judgment for plaintiff, defendant appeals.

*Messrs. Haynsworth & Haynsworth,* for appellant, submit: *There is no presumption of negligence:* o9 S. C. 530; 66 S. C. 256; 72 S. C. 398; 39 S. C. 39; 97 S. C. 112; 4 Labatt, M. & S. (2d ed.) 1517, 1576; 3 *Id.* 1066 and 1028; 167 Mass. 588; 46 N. E. 121; 108 N. W. 53. *Duty to warn:* 72 S. C. 240; 55 S. C. 483; 29 Okla. 351; 116 Pac. 908. *Error in charge on effect of delay:* 1 Moore on Facts, sec. 550; 1 Wigmore, Ev., sec. 284; 108 Fed. 741; 47 C. C. A. 655; 11 Rich. Eq. 576, 577; 21 Fed. Cas. No. 12373, p. 529; 1 Pittsburg R. 185; 4 Rich. L. 105; 97 S. C. 112; 2 Hill Eq. 228; 7 Wall. 390; 25 Cyc. 983; 4 Wheaton 372, 373; 3 Enc. of Ev. 755; 11 A. & E. Enc. 503; 147 U. S. 164; 11 Penn. St. 307.

*Messrs. O. K. Mauldin* and *T. C. Turner, Jr.,* for respondent, cite: *As to negligence:* 83 S. C. 19; 80 S. C. 351; 70 S. C. 243.

July 6, 1912.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action for damages to the person, verdict for the plaintiff for $1,000; appeal by the defendant.

*History:* The plaintiff was a "sweeper" at the time of the accident, then in his eleventh year, and in his eighteenth year when the suit was begun; he got the forefinger of his right hand into the headgear of a spinning frame, and it was so lacerated that amputation was had; the gear was generally protected by a cap and the cap was elevated some four feet above the level of the factory floor; it does not admit-tedly appear whether the cap had been lifted by the plaintifl or by defendant.

There are two grounds of appeal, to wit: (1) error in the charge to the jury; and (2) error in refusing the motion for a new trial because the verdict has no support in the testimony.

These in their order.

The Court charged the jury this:

"I want to say to you that the fact of this complaint being brought now, notwithstanding the fact the allegations of the complaint, as you will see, is alleged to have happened some years ago, is not a matter for you to worry about."

The patent objection to that charge is, that the jury might infer from it that no consideration should be given by the jury to a long delayed suit. Ordinarily a delay in the prosecution of a wrong gives color, as matter of fact, to an inference that there was probably no wrong.

If a man of full age should postpone his suit until years after his right to sue had accrued, a jury might well inquire why the delay. In such a case a Judge would not be warranted to tell the jury to ignore the delay.

The case is not altered that the plaintiff was only ten years old when his right of action accrued, and waited until seven

years after that to sue.   He might have sued then, as he sues now, by guardian.   His right to sue has not been impaired; but if there be any discredit of fact for the delay in suing, the jury has the right to consider it without instruction from the Court.

When the plaintiff's mother was cross-examined about the long delay in prosecuting the suit, his counsel objected to the enquiry.   The Court then ruled rightly that "it has some little bearing in the case."

Counsel for defendant pressed upon the jury, in argument, that long delay in bringing suit was a suspicious circumstance to be weighed by the jury in passing upon the merit of a claim.

The counsel for plaintiff then objected to the competency of such argument.

The issue, therefore, was plainly made, in testimony, in argument and in charge.

The charge of the Court was, therefore, about a material issue, it was wrong, and was hurtful to the defendant.   We therefore sustain the first exception.

The second issue involves some consideration of the testimony.

It is true there was no motion at the close of the testimony for a nonsuit or to direct a verdict for the defendant; and in that respect the appellant has not observed the 77th rule of practice in the Circuit Court.

But the respondent expressed a willingness, at the hearing, to suspend the operation of the rule, and have a decision on the issue of testimony or no testimony.

We shall, therefore, consider and decide that issue.

The complaint charges two delicts, to wit:

(1) In putting the boy to work in and about dangerous machinery without warning him of the danger; and (2) in failing to keep its machinery in proper repair.   These in an inverse order.

The machinery was the headgear of the spinning frame, which was covered by a metal cap.    The cap weighs 4 or 5 pounds, is some four inches wide, and opens up on hinges.    Its office is to cover the gears, and it may be lifted on its hinges to expose the gears, when that is desirable.

There is no testimony tending to show that the headgear was out of repair, or was of inferior construction.    The only contention is, that the cap was lifted up when it might have been shut down.

There is no testimony tending to show that the headgear was dangerous with the cap up.

There is no testimony tending to show that it was defendant's duty to always keep the cap shut down.    The second stated delict is not, therefore, proved by any testimony.

The first stated delict is that on which the plaintiff in large measure relies to show negligence.    There is no contention by the defendant that the boy was warned of the danger of the gears.    The admission is that he was not warned.    The failure to warn him is the act of negligence upon which plaintiff puts his finger.

It is true that precaution comes to be a duty where there is reasonable ground to apprehend danger.

In the case at bar if there was reasonable ground for the man above the boy to apprehend danger to the boy from the gears, then the man above the boy ought to have warned the boy of the danger.

But the boy was not put to work with the gears, he was put to sweep the floor, not to clean the machinery.    He had aforetime swept the floors three or four months in another mill; he was not new and untried at the work.

The testimony is conflicting as to whether the cap was lifted up by the boy or by another.    That circumstance is immaterial; the cap was not in the boy's keeping any more than were the spindles or any other of the machinery about him.    There was no duty upon the master to warn him

about any matters except those so connected in place and sequence with his work as to make it probable that such matters would impinge upon his work.   We think the case does not come within *Goodwin* v. *Mills Co.,* 80 S. C. 350, 61 S. E. 390.   The reason of the rule which demands that a servant shall be warned of dangers present is well stated in *Owings* v. *Moneynick Oil Mill,* 55 S. C. 483, 33 S. E. 511.

There was no occasion to suppose the boy would voluntarily put his hand into the opening, if he did; his duty, actual or incidental, did not require or suggest that; and the accident could not have happened, so far as the testimony shows, but for his voluntary act.   There is no testimony to show that the accident fell upon him as an incident to the performance of his task of sweeping the floor.

The boy's only account of the accident was this: "I was sweeping around there, around the frames, and the gear cap was up and my fingers got caught in a gear."

He did not tell how they got caught.

Apart from the fact of the accident, there is nothing to show negligence by the defendant, and it is well settled that negligence may not be inferred, in a case like this, simply from the event.

We are of the opinion that there is no testimony tending to establish either of the two delicts alleged.

We have not considered the contention of the defendant that the plaintiff assumed the risks incident to his work; nor that the carelessness of the defendant was one of the causes that effected his hurt.   We rest on the conclusion that there is no testimony to convict the defendant of negligence.

It is therefore ordered, that the judgment below is reversed.


MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES HYDRICK and WATTS concur in the opinion of the Court.

Mr. Justice Fraser, *dissenting in part.*   I cannot concur in so much of the opinion of the majority as holds that the delay in bringing this action can tend to defeat the claim' of the plaintiff and that delay in bringing the action is legitimate argument for the defendant.

The argument is in the nature of laches.   The delay has been for six years.   For three years of that time the infant could not have even applied for a guardian to bring his action.   The argument applies to the whole six years.   The laches, 'if any, is the delay of his father and mother.

I know of no case and no authority for attributing the laches of the father and mother to the infant.   I do not think the case of *Barnwell* v. *Barnwell,* 11 S. C. Eq. (2 Hill Ch.) 228, cited by appellant, is authority for the position. In that case the infant had been of age for nineteen years before action was brought.   The Court speaks of payment to the father as such as payment to a stranger.

I can not hold that laches of a stranger can be attributed to an infant.   It might be that lapse of time may be a shield to the defendant and explain loss of evidence, but here it was used as a sword to destroy the *bona fides* of the plaintiff in bringing the action.