9133

BROWN v. PIEDMONT MFG. CO.

(86 S. E. 814.)

MASTER AND SERVANT—DUTY TO WARN—NEGLIGENCE.—There being tes-
timony that plaintiff, a boy 18 years of age, employed by the defendant
to assist its overseer in cleaning a machine in an insufficiently
lighted place, which rendered the work dangerous, was placed at
such work under the directions of such overseer, and without any
warning as to the dangers, which though latent, were known, or
should have been known, to the defendant, and while so engaged in
obeying the specific directions of the overseer, who was present over-
seeing the work, plaintiff's hand was caught in the machine and
injured; the issue as to defendant's negligence should have been sub-
mitted to the jury, and a nonsuit was improperly granted.

Before SHIPP, J., Greenville, October term, 1914.   Reversed.

Action by B. F. Brown, by his guardian *ad litem*, J. L. Brown, against Piedmont Manufacturing Company.   From an order of nonsuit, the plaintiff appeals.   The facts are stated in the opinion.

*Messrs. J. R. Martin* and *John C. Henry,* for appellant, cite: *Duty to warn:* 48 S. C. 190; 80 S. C. 567; 89 S. C. 390; 77 S. C. 69.   *Assumption of risks:* 84 S. C. 286. *Duty of master to inspect:* 84 S. C. 290; 40 S. C. 109; 66 S. C. 485, 486; 52 S. C. 443; 38 S. C. 208; 37 S. C. 604; 35 S. C. 407; 34 S. C. 215; 18 S. C. 281, 282; 18 S. C. 262; 14 S. C. 443; 68 S. C. 514; 74 S. C. 19; 86 S. C. 441. *Reliance on judgment of overseer:* 90 S. C. 424; 89 S. C. 390.

*Messrs. Cothran, Dean & Cothran,* for respondent, submit: *Plaintiff is confined to specified act of negligence:* 47 S. C. 28.   *Reviews cases cited by appellant's counsel, and cites as applicable to. this case:* 55 S. C. 483; 72 S. C. 346; 80 S. C. 238; 86 S. C. 69; 86 S. C. 235; 99 S. C. 364.

July 21, 1915.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This was an action for damages on account of personal injuries received by the plaintiff while in the employ of the defendant at Piedmont, S. C., on April 10, 1913, alleged to have been caused by the negligence and reckklessness of the defendant. .The case was tried before Judge Shipp and a jury at October term of Court, 1914, for Greenville county and resulted in a nonsuit from which plaintiff appeals and by six exceptions alleges error on the part of his Honor in granting nonsuit. .

The plaintiff was 18 years of age and was employed by defendant to attend to certain card machines in the mill and he was engaged in running one of the card machines, and in the discharge of his duties he was required to "strip" the machine; that before replacing the "roller" he was required to "clean the same;" that in so doing his hand was caught in the revolving cylinder and badly mashed; the alleged specifications of negligence are:

1. In placing the plaintiff in a position of danger without warning him.

2. In failing to furnish the plaintiff with a reasonably safe place to work in, that the room in which the card machine was located was dark and unlighted so that the plaintiff could not see to do the work required of him.

3. In requiring plaintiff to use his hand to clean the card without warning him of the motion on the machine which he could not see for lack of light.

4. In failing to stop the machine before requiring plaintiff to clean the same with his hand.

5. In failing to properly inspect the machine.

At the close of plaintiff's evidence a motion for a nonsuit was made on the grounds that:

1. There is no evidence tending to establish the negligence alleged in the complaint.

2. The injury sustained by the plaintiff was due to the risks of his employment which he had assumed.

3. The injury sustained by the plaintiff was due to his own contributory negligence.

His Honor granted the motion. We will not consider the exceptions separately.

The testimony shows that the plaintiff, a boy 18 years of age, was assisting the overseer, Gilreath, and acting under his orders in attempting to clean the machine when the injury occurred, and there was some evidence from which it could be inferred that the machine was defective, and that

by reason of insufficient light the place where work was required to be done was dangerous and unsafe.

No warning was given the plaintiff and he was obeying the specific directions of the overseer, his superior, who was present directing the same. It was not the duty of the plaintiff to look for and discover latent dangers when he was obeying the directions of a superior, who was present doing the work assisted by the plaintiff.

In 14 Enc. Law 357 the doctrine is laid down: "If a master or a superior orders an inferior into a situation of danger and he obeys and is injured the law will not charge him with assumption of the risk unless the danger is so glaring that no prudent man would have entered into it"— quoted with approval in *Mew* v. *Railway Co.,* 55 S. C. 102, 32 S. E. 828. "Whether the matter of assumption of risk by an employee is to be tested by the law of waiver, *Hooper* v. *Ry.,* 21 S. C. 541, or the law of negligence, *Bussy* v. *R. R.,* 52 S. C. 438, 30 S. E. 477, in either case is a question of fact for the jury."

*Mew* v. *Railway Co.,* 55 S. C. 103, 32 S. E. 828: "That a tool is placed by the representative of the master and by him the servant is directed to strike does not make a conclusive case of contributory negligence where the inference might be drawn from the evidence that the master knew the danger and the servant did not." *Hankinson* v. *Railway,* 94 S. C. 152, 77 S. E. 863.

We think there was sufficient evidence to carry the case to the jury and that his Honor was in error in granting the nonsuit and that a nonsuit would be improper under any view of the case.