9938

BROWN v. PIEDMONT MFG. CO.

(96 S. E. 138.)

1. APPEAL AND ERROR—LAW OF THE CASE—QUESTION FOR JURY.—Where on appeal it was held that there was a question for a jury, such decision became the law of the case on a second trial, where plaintiff's evidence was the same.

2. MASTER AND SERVANT—ASSUMPTION OF RISK.—On the question of assumption of risk, it was for the jury to determine whether the servant acted as one of ordinary prudence should act under similar circumstances, and it was not necessary that he should have "full knowledge" of the danger.

3. TRIAL—INSTRUCTIONS CONSTRUED AS A WHOLE.—Although the Court erred in an instruction, it was not reversible error, where he corrected the mistake in further instructions, and the jury could not have been misled by the charge as a whole.

4. APPEAL AND ERROR—MOTION FOR NONSUIT OR DIRECTED VERDICT—NECESSITY.—Where a defendant made neither a motion for nonsuit nor for a directed verdict, he is precluded from any relief on appeal on questions of fact.

5. COURTS—RULES.—The Supreme Court has a right, in the orderly conduct of business, to frame rules as to how the question of raising points shall be made and the manner in which they are to be first made, and in so doing it is not a denial of right, but simply a question of practice, and inherently in the power of the Court to adopt.

Before Moore, J., Greenville, Fall term, 1917. Affirmed.

Action by B. F. Brown, by guardian *ad litem*, J. L. Brown, against the Piedmont Manufacturing Company. Judgfor plaintiff, and defendant appeals.

*Messrs. Cothran, Dean & Cothran,* for appellant, cite: *As to placing plaintiff into a position of danger without warning him:* 55 S. C. 488. *As to failing to furnish plaintiff with a safe place and safe appliances:* 47 S. C. 28. *As to defendant failing to inspect machine and to ascertain that it was in a safe condition:* 35 S. C. 103. *As to assumption of risk:* 232 U. S. 492; 80 S. C. 238; 86 S. C. 116; 87 S. C. 210; 72 S. C. 346; 104 S. C. 452; 1 LaBatt (1st Ed.), sec. 274; 102 S. C. 402; 48 S. C. 190; 89 S. C. 390; 84 S. C. 286; 77 S. C. 69; 80 S. C. 424; 55 S. C. 483; 72 S. C. 346; 80 S. C. 238; 86 S. C. 69; 86 S. C. 235; 99 S C. 364. *As to contributory negligence:* 21 S. C. 466; 103 S. C. 113; 58 N. E. 182. *As to proximate cause:* 80 Atl. 565; 128 S. W. 1074 (C. C. A.); 157 Fed. 634. *As to the instruction by the Court relating to the duty of the master to an ignorant and inexperienced servant, and the instruction that assumption of risk does not apply except the servant has full knowledge of dangers incident to his employment:* 1 LaBatt 669 (1st Ed.); 102 S. C. 109; 98 S. C. 133; 94 S. C. 339; 79 S. C. 175; 94 S. C. 340; 90 S. C. 42; 82 S. C. 542; 85 S. C. 363; 84 S. C. 289; 91 S. E. 978; 29 S. E. 589; 52 Mo. App. 366; 19 N. E. 93; 60 N. W. 1093; 1 LaBatt (1st Ed.) 670-672; 13 Atl. 286; LaBatt (1st Ed.) 1020; 34 N. W. 659; 41 S. W. 909; 61 S. W. 53; 11 Cal. 50; 39 Ia. 69; 76 S. C. 452. *As to charge on facts:* 30 S. C. 218. *As to Judge's instruction that, The position of the servant is one of subordination and obedience, and, he has the right to rely upon the superior knowledge and skill of the master and cannot be deemed guilty of contributory negligence in obeying an order of the representative of the master on the spot unless*

*the danger be so glaring that a reasonable man would not incur it:* 104 S. C. 452; 1 LaBatt, sec. 444; 107 Ala. 620; 18 So. 173; 104 Ga. 764; 30 S. E. 1003; 95 U. S. 439.

*Messrs. Martin & Henry,* for respondent. *Mr. J. Robert Martin,* for respondent, cites: *As to failure of appellant on trial to make a motion for either a nonsuit or a directed verdict:* 84 S. C. 484; 88 S. C. 89; 83 S. C. 271; 92 S. C. 582; 93 S. C. 551; 72 S. C. 419; 52 S. E. 113; 78 S. C. 73; 58 S. E. 968; 79 S. C. 154; 60 S. E. 441; 79 S. C. 513; 60 S. E. 1110. *As to law applicable to case:* 48 S. C. 190; 80 S. C. 567; 77 S. C. 69; 68 S. C. 512; 74 S. C. 19. *As to refusal of new trial on weight of evidence:* 75 S. C. 291; 96 S. C. 153; 84 S. C. 399; 66 S. E. 181. *As to res judicata:* 102 S. C. 226; 100 S. C. 388; 75 S. C. 156; 76 S. C. 153. *As to applicability of charge:* 80 S. C. 238; 61 S. C. 478; 72 S. C. 349; 87 S. C. 212. *As to nondelegable duty of master to instruct ignorant servant:* 80 S. C. 250; 81 S. C. 20. *As to point not made on Circuit:* 101 S. C. 542; 74 S. C. 135-6; 80 S. C. 410; 97 S. C. 412. *Charge not determinative of facts:* 80 S. C. 536; 58 S. C. 381; 85 S. C. 454. *Servant's judgment subject to that of master:* 102 S. C. 226; 14 Enc. Law 357; 55 S. C. 102; 32 S. E. 828; 21 S. C. 541; 52 S. C. 438; 30 S. E. 477; 55 S. C. 103; 32 S. E. 828; 94 S. C. 152; 89 S. C. 389; 87 S. C. 213; 97 Am. St. Rep. 892-4; 90 S. C. 424; 89 S. C. 390. *Master must inspect:* 84 S. C. 290; 40 S. C. 109; 65 S. C. 485-486; 52 S. C. 443; 38 S. C. 208; 37 S. C. 604; 35 S. C. 407; 34 S. C. 215; 18 S. C. 281-282; 18 S. C. 262; 15 S. C. 443; 68 S. C. 514. *Law imputes to master knowledge of latent damages:* 86 S. C. 441.

March 23, 1918.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is the second appeal in this case. The first appeal is reported in 102 S. C. 223, 86 S. E. 814. The case was

again tried before Judge Moore, and a jury, at the November term, 1916, for Greenville county, and resulted in a verdict in favor of plaintiff for $1,500. After entry of judgment defendant appeals. Exceptions 1, 2, 3, 4 and 5 complain of error of his Honor's charge to the jury, and the other four exceptions complaint of error in overruling the defendant's motion for a new trial.

A reading of the evidence in the case shows that the plaintiff's evidence at this trial was practically the same as that at the trial that was appealed in the former case, and, that being the case, what was said in the case reported in 102 S. C. 223, 86 S. E. 814, becomes the law of this case, and by the former decision the Judge was bound to send the case to the jury, and would have erred in granting a nonsuit or directing a verdict. Neither, however, was asked for by the defendant.

The facts for the former appeal in substance constitute the facts of the present appeal as far as the plaintiff's evidence is concerned, with the defendant's evidence impeaching and contradicting that of the plaintiff of the issues involved.

The first exception at a first glance looks as if his Honor was in error, and that the charge was prejudicial to the defendant in instructing the jury as to the duty of the master to an ignorant and inexperienced servant, and in the instruction that the defense of assumption of risk does not apply except where the servant has full knowledge of the dangers incident to his employment. The plaintiff should have, of course, availed himself of the knowledge and conditions before him. It was for the jury to determine whether he acted as one of ordinary prudence should act under similar circumstances, and not that he should have full knowledge of the danger. But, while his Honor was in error in so charging, he remedied and corrected that mistake later by charging the defendant's fourth and fifth requests, and the jury could not have been misled

by his Honor's charge to such an extent as to be prejudicial to the defendant and to such an extent as to work a reversal. The request complained of, considered in connection with the whole charge, is untenable.

The motion for a new trial was based solely on questions of fact; and, as defendant made neither a motion for nonsuit nor for a directed verdict, it is precluded from any relief by this Court based upon questions of fact.

This Court has a right in the orderly conduct of business to frame rules as to how the question of raising points shall be made, and the manner in which they are to be first made, and in so doing it is not a denial of right, but simply a question of practice, and inherently in the power of the Court to adopt.

All exceptions are overruled.

Judgment affirmed.