### 11029

#### SLOAN v. LEE *ET AL.*

#### (114 S. E., 408)

1. APPEAL AND ERROR—NO REVIEW OF OBJECTION TO ADMISSION OF EVI-
DENCE NOT RULED ON BY TRIAL COURT.—A ground of objection to
the admission of evidence, not ruled on by the trial Court, cannot
be considered on appeal.

2. LANDLORD AND TENANT—EVIDENCE THAT MEN CAME TO HOTEL
LEASED FOR DISSOLUTE PRACTICES ADMISSIBLE ON ISSUE OF MISREPRE-
SENTATION AS TO REPUTATION.—The trial Court did not abuse its dis-
cretion in admitting evidence that lessees found that men were tele-
phoning certain girls, registered at the hotel leased, and coming there
for dissolute practices, on the issue as to the truth of lessor's rep-
resentations that the hotel had a good reputation.

3. EVIDENCE—RELEVANCY OF TESTIMONY LARGELY WITHIN TRIAL
JUDGE'S DISCRETION.—The question of the relevancy of testimony is
largely within the trial Judge's discretion.

4. LANDLORD AND TENANT—INSTRUCTION DEFINING "FRAUD" HELD
SUFFICIENTLY DEFINITE.—In an action for breach of a lease, where
the defense was that the contract was procured by misrepresenta-
tion, an instruction that fraud is where one deceives another and
causes him to do something which he would not otherwise have done
by misrepresenting a fact, by making a false statement, or by
failing to speak when equity and good conscience require one to
speak, *held* sufficiently definite and comprehensive, in the absence of
a request for a more specific instruction.

5. APPEAL AND ERROR—NO REVIEW OF OBJECTION THAT INSTRUCTION
   FAILED TO STATE ESSENTIAL ELEMENTS, WHERE NO REQUEST MADE
   BELOW.—Where the contention that an instruction failed to state
   an essential element was not made the subject of a definite request
   to charge in the trial Court, appellant is not in position to impute
   error.

6. APPEAL AND ERROR—NO REVIEW OF SUFFICIENCY OF EVIDENCE
   WHERE RECORD DOES NOT SHOW MOTION RAISING QUESTION.—Under
   circuit court rule 77 (73 S. E. vii), where the record does not dis-
   close that a motion for nonsuit or for a directed verdict or for a
   new trial was made in the trial court, questions as to the sufficiency
   of the evidence to support the verdict, or that the verdict was con-
   trary to the Court's instructions, will not be considered on appeal.

Before McIVER, J., Spartanburg. January 1921. Af-
firmed.

Action by C. B. Sloan against Maggie Lee et al. Judg-
ment for defendants, and plaintiff appeals.

*Mr. L. W. Perrin,* for appellant, cites: *Definition of
fraud:* 61 S. C., 190.

*Messrs. J. D. Andrews* and *R. B. Pasley,* for respon-
dents, cite: *Evidence responsive to answer is admissible:*
60 S. C., 396; 61 S. C., 336; 90 S. C., 513. *Grounds of
objection not sufficiently stated:* 100 S. C., 120; 59 S. C.,
243; 53 S. C., 80. *Specific charge should have been re-
quested:* 83 S. C., 251. *Court will not review questions
of fact on which there is some evidence:* 88 S. C., 378; 83
S. C., 293.

October 9, 1922.

The opinion of the Court was delivered by MR. JUSTICE
MARION.

The defendants contracted with the plaintiff to rent a ho-
tel in the city of Spartanburg, and gave a bond to secure
faithful performance. This action was brought by plaintiff
to recover damages on account of the alleged breach of the
bond. The defendants admitted the execution of the rental
contract and of the bond, but set up the defense that the

contract was procured by misrepresentation and fraud. The case was tried before Hon. Edward McIver, Circuit Judge, and a jury. From judgment on verdict for defendants, the plaintiff appeals.

Certain of the allegations of the answer were to the effect that defendants were induced to execute the rental contract and the bond by plaintiff's false representation that the hotel was a "first-class, clean, reputable, and paying enterprise", that in fact the "hotel had a bad reputation, and, directly after defendants took charge of the same, a number of persons approached them for the purpose of renting rooms for immoral purposes"; and that, "when they became aware of the reputation of the hotel, they promptly declined to retain same, and turned the hotel back to the plaintiff."

1. Appellant's first contention (exceptions 1 to 5, inclusive) is that the trial Judge erred in admitting over objection certain testimony of the defendants in regard to conversations with third parties not held in the presence of the plaintiff. It is suggested that these conversations were hearsay, and amounted merely to self-serving declarations on the part of the defendants. The record discloses that no specific grounds of objection to the admission of the testimony were stated at the trial. A ground of objection not ruled upon by the trial Judge cannot be urged in this Court. *Allen v. Cooley,* 53 S. C., 80, 30 S. E., 721; *Norris v. Clinkscales,* 59 S. C., 243, 37 S. E., 821; *Smith v. Mills, etc.,* 100 S. C., 120, 84 S. E., 422; *State v. Cook* (S. C.), 113 S. E.——.

The only ruling of the presiding Judge appears to have been to the effect that Mrs. Lee, one of the defendants, could testify that "she found that men were calling up" certain girls registered at the hotel, and that "she found it was a fact that people went there for dissolute practices." The testimony related to transactions which tended in some measure to establish that the use of

the hotel was sought with more or less frequency for immoral purposes on account of its former repute and practices. If so, it related to an issue directly made by the pleadings. The relevancy of testimony is largely within the discretion of the trial Judge, and we are satisfied there was no erroneous exercise of his discretion.

2. The appellant's second contention is that the presiding Judge's definition of fraud in his charge to the jury was erroneous in that it omitted the essential element of scienter. The Judge used, with elaboration, the following definition:

"Fraud is where one deceives another and causes him to do something which he would not otherwise have done by misrepresenting a fact, by making a false statement, or by failing to speak when equity and good conscience require one to speak."

In the absence of any request for a more specific instruction, the charge was sufficiently definite and comprehensive for the purposes of the case on trial. It does not appear that the validity of the defense in this case dependent on proof of actual fraud as distinguished from legal or constructive fraud. In any view, having failed to make the contention now made in this Court the subject of a definite request to charge in the Court below, plaintiff is not in position to impute error. *Honour v. So. Pub. U. Co.*, 110 S. C., 163, 96 S. E., 250; *State v. Long*, 93 S. C., 518, 77 S. E., 61; *State v. Meyers*, 40 S. C., 556, 18 S. E., 892.

3. The appellant's third contention (exceptions 8, 9, and 10) is substantially that there was no evidence to support the verdict, and that the verdict was contrary to the Judge's charge. The record does not disclose that either a motion for nonsuit, for a directed verdict generally, or for a new trial was made in the Court below. The attention of appellant's counsel is directed to rule 77 of the Circuit Court (73 S. E., vii). The Circuit Judge not

having ruled upon any of the points raised by these exceptions, they cannot, of course, be considered for the first time in this Court. *Brock v. Haley & Co.,* 88 S. C., 373, 70 S. E., 1011; *Porter v. Poe Mfg. Co.,* 102 S. C., 488, 87 S. E., 418; *Brown v. Piedmont Mfg Co.,* 109 S. C., 343, 96 S. E., 138.

All of the exceptions are overruled, and the judgment of the Circuit Court is affirmed.