15589

MINGUS v. BROOM

(27 S. E. (2d), 801)

March, 1943.

*Mr. E. W. Johnson,* of Spartanburg, S. C., Counsel for Appellant,

*Messrs. Johnson, Johnson & Foster,* of Spartanburg, S. C., Counsel for Respondent, 

November 26, 1943.

Mr. Associate Justice Baker delivered the unanimous Opinion of the Court:

This action was commenced in the Court of Common Pleas for Spartanburg County on or about the 6th of March, 1943. Attached thereto was a Rule requiring the respondent to Show Cause on March 13, 1943, why an injunction *pendente lite* should not be issued restraining him from "engaging in the beer business in the City of Spartanburg" pending a hearing upon the merits of the case. The prayer of the complaint sought an injunction restraining the respondent from "engaging in the beer business in the City of Spartanburg" for a period of five years.

The appellant alleged that he had secured from the respondent a written option in August, 1942, to purchase from him a combined restaurant and beer business located in the City of Spartanburg known as the "Painted Post," and in the option it was agreed that if the purchase was consummated the respondent would enter into a written contract substantially conditioned, among other things, that for a period of five years from the sale the respondent would not: " * * * directly or indirectly, as a stockholder or otherwise * * * engage in the restaurant, beer, lunch room or grill business within the corporate limits of the City of Spartanburg."

The complaint further alleged that the sale was consummated for a price of more than $10,000.00 and a contract duly executed by the respondent whereby he contracted and agreed, among other things, that for a period of five years from the date thereof (September 1, 1943) he would: " * * * not directly or indirectly, as a stockholder or otherwise, nor will I allow my name to be used, engage in the restaurant, beer, lunch room or grill business within the corporate limits of the City of Spartanburg."

The complaint continued by alleging that the appellant upon hearing that the respondent was about to go into the beer business wrote him a letter calling his attention to the contractual provision, that the respondent nevertheless went into the wholesale beer business under the name and style of Acme Distributing Company, and that he was now in that business in the City of Spartanburg.

For a second cause of action it was alleged that the respondent was sole distributor of Pabst Blue Ribbon draught beer, that this was the brand of beer profitably established at the Painted Post," that in 1942 there was a shortage of Schlitz, Hi-Life, Budweiser, Burger, Pilseners, and Atlantic beer and should this arise in subsequent years, unless appellant changed his brand of beer (Pabst Blue Ribbon draught beer was sold almost exclusively by him), he might well be at the mercy of the respondent, that by discounts and sharp practices on the part of the respondent, as well as being indebted to him, the appellant was placed in a hazardous and unadvantageous position, and had no adequate relief. He sought an injunction, for the period of five years specified in the contract, against the respondent from engaging in the wholesale beer business in the City of Spartanburg.

Reserving the right to make further Return, by way of Answer and supporting affidavits, and simultaneously serving it, the respondent demurred that the complaint "fails to state facts sufficient to constitute any cause of action."

Upon the argument before Judge T. S. Sease, the respondent opened and closed on the Demurrer, the Return, the Answer and Reply; the latter being interposed by the appellant. Subsequent to the argument on the Demurrer, an Order was issued sustaining the Demurrer, and it is from such Order that an appeal is prosecuted to this Court.

The foregoing statement of the case is taken almost *verbatim* from the "Statement" contained in the Transcript of Record.

While there are three exceptions to the Order of the Circuit Court, the only "Question Involved" is that stated in the respondent's brief, reading: "Should demurrer on ground of failure to state any cause of action be sustained to a purchaser's complaint alleging breach of contract by, and seeking an injunction *pendente lite* against vendor who sold him a combined restaurant and beer bar and agreed for a definite time and place not to engage in the restaurant, beer, lunch room or grill business and who within the time and place so designated became engaged in the wholesale beer business when it appears from the complaint that in the business sold beer was sold only at retail and vendor has become engaged in the business of distributing beer at wholesale only?"

Preliminary to arguing his exceptions, the appellant calls to the attention of the Court that the Demurrer does not meet with the requirements of Section 459 of the Code of 1942, citing *Weathers v. City of Laurens,* 187 S. C., 297, 197, S. E., 317. However, the appellant frankly states that no issue was made as to the insufficiency of the demurrer in the Circuit Court. The identical insufficiency of the demurrer in the *Weathers-Laurens case* existed as in the case under discussion, but when it appeared that no issue was made of this on the appeal, this Court reversed the Circuit Court in overruling the defective demurrer, thereby sustaining the demurrer. In the case at bar no issue

was made of the insufficiency of the demurrer in the Circuit Court, and of course such issue is not before us.

The contract of sale between appellant and respondent contained an agreement on the part of respondent, reading as follows: "As a material part of the consideration hereinabove mentioned I, R. W. Broom, hereby contract and agree that for a period of 5 years from the date hereof I will not directly or indirectly, as a stockholder or otherwise, nor will I allow my name to be used, engage in the restaurant, beer, lunch room or grill business within the corporate limits of the City of Spartanburg."

The Court below, in construing the complaint, held that it showed on its face that the beer business sold by the respondent to the appellant was a retail beer business at The Painted Post; and the appellant's brief so concedes. The complaint unequivocally states that the respondent is now engaged in the wholesale distribution of beer.

There is no contention here that the agreement by the respondent that he will not directly or indirectly engage in the beer business within the City of Spartanburg for a period of five years, is either void or voidable on any ground. Therefore, the sole issue in this case is whether the terms of the contract are violated by the respondent engaging in the wholesale beer business in the City of Spartanburg.

The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties and to give effect to that intention; and in order to arrive at a correct conclusion as to the intention of the parties, it is proper that the contract be considered in the light of the surrounding circumstances. " * * * Words which admit of a more extensive or more restrictive signification must be taken in that sense which will best effectuate what it is reasonable to suppose was the real intention of the parties. * * * " 12 Amer. Jur. Contracts, Section 231, page 754.

In Reeves v. Sargeant, 200 S. C., 494, 501, 21 S. E. (2d), 184, 188, the Court stated: "In determining whether a contract in partial restraint of trade is reasonable, the court will look to the whole subject-matter of the contract, the kind and character of business, its location, the purpose to be accomplished by the restriction, and all circumstances which show the intention of the parties and which must have entered into the making of the contract."

Now, what was the business sold, and what was the purpose of appellant in requiring the respondent to agree not to directly or indirectly engage in such business? When the complaint is analyzed no other conclusion can be reached but that the business sold was, as stated in the order appealed from, purely and simply a retail business, and that the intention of the parties to the contract was to protect against the respondent entering into a similar business as a competitor of the appellant and thereby infringe upon the good will of the business

The complaint does not allege that the respondent has engaged in the retail beer business, but that he has engaged in the wholesale beer business, and for the brand of beer for which appellant and the predecessor owner (the respondent) have built up and established a large demand for, and profitable sale of, said brand of beer having been sold almost exclusively at the Painted Post. Continuing, the complaint alleges:

"(2) That during the summer and early fall of 1942 there was a shortage of draught beer and on more than one occasion the distributors were almost completely out and if a similar situation should arise in 1943 and/or subsequent years, as well it may, the plaintiff, unless he changes over from the Blue Ribbon Beer, will find himself at the mercy of the defendant, who will be in a position not only to refuse to deliver to him but can and may by claiming a short-

age, actual or feigned, thereby show a preference in deliveries to plaintiff's competitors.

"(3) That plaintiff will not only be at the mercy of the defendant in the delivery of draught beer, as set out above, but in addition the defendant can and may give to plaintiff's competitors a better price on draught beer and thereby cause material financial injury and damage to plaintiff."

There is no overt act of competition alleged in the complaint. There is no fact alleged showing any act of the respondent which infringes upon the fair and full protection of the business, good will and trade name sold by him to the appellant. Only speculative and anticipated acts are alleged. But we are not called upon to here decide whether the appellant would be entitled to relief under the contract within the above-quoted allegations of the complaint.

The exceptions to the order sustaining the Demurrer to the complaint, are overruled.

MESSRS. ASSOCIATE JUSTICES FISHBURNE and STUKES, and CIRCUIT JUDGES WM. H. GRIMBALL and L. D. LIDE, ACTING ASSOCIATE JUSTICES, concur.