20450

H. L. BECK, Respondent, v. Earl GIBSON, Appellant.
(235 S. E. (2d) 716)

Messrs. *Robert L. Kilgo,* and *O. Allen Alexander,* of Dar-lington, *for Appellant,*

*Messrs. D. Kenneth Baker* and *John R. Etheridge, Jr.,* of Darlington, *for Respondent,*

June 8, 1977.

GREGORY, Justice:

This is an appeal from a jury verdict in favor of Beck for $15,000 actual damages. Beck had brought the action for damages arising from the injuries to his hogs by appellant's German Shepherd dog. We find no reversible error and affirm.

The testimony showed that respondent was in the business of raising purebred Yorkshire hogs for breeding stock. These hogs were attacked, some being wounded and some killed, in the summer and fall of 1975. On one occasion in the fall respondent and his employee witnessed appellant's dog in the act of attacking.

Appellant first argues that he was not allowed to cross examine on the original complaint of respondent (the trial judge allowed respondent to amend at

trial). However, the record shows that appellant was allowed to cross examine.

Appellant next argues that the trial judge erred in allowing respondent to publish the entire deposition of appellant. Respondent counters that the deposition contained admissions against interest and so was admissible. We find that appellant testified in person and essentially duplicated what was in the deposition; therefore, even assuming there was error, it did not prejudice appellant. *Marsh Plywood Corp. v. S. C. State Highway Department,* 258 S. C. 119, 187 S. E. (2d) 515 (1972).

Appellant's third argument is that the trial judge allowed respondent to testify about a loss of $10,000 due to a cancelled sale of hogs. We find no merit to this argument. First, appellant did not object on the ground upon which he urges reversal in his exception; second, he did not reserve his objection before cross examination. Appellant was granted permission to argue against the decisions of this Court (*Thomas-McCain, Inc. v. Siter, S. C.,* 232 S. E. (2d) 728 [1977], and *Goudelock v. Prudential Insurance Co. of America,* 219 S. C. 284, 65 S. E. (2d) 114 [1951]) that such a failure of reservation was a waiver of objection. However, we decline to overrule those decisions.

Appellant's remaining arguments are on the sufficiency of the evidence to support the verdict. We find there was evidence from which a finding for respondent could reasonably have been made, and conclude there was no error in the trial judge's refusal to direct a verdict or grant judgment *non obstante veredicto,* a new trial, or a new trial *nisi.*

Affirmed.

LITTLEJOHN, NESS and RHODES, JJ., concur.

LEWIS, C. J., disqualified.