0288

RENTCO, A DIVISION OF FRUEHAUF CORPORATION, Respondent, v.
TAMWAY CORPORATION, Appellant.

(321 S. E. (2d) 199)

Court of Appeals

*Herman E. Cox,* Greenville, *for appellant.*

*Joseph M. Jenkins, Jr.* of *Horton, Drawdy, Hagins, Ward & Johnson, P.A.,* Greenville, *for respondent.*

Heard July 31, 1984.

Decided Sept. 27, 1984.

GARDNER, Judge:

Respondent RentCo., a division of Fruehauf Corporation (RentCo.), brought this action against Tamway Corporation (Tamway) on a written lease of a trailer which was extensively damaged while in the possession of defendant Tamway. The trial judge awarded summary judgment for plaintiff RentCo. We disagree and reverse.

For purposes of this appeal, we must consider the facts, as they appear of record, in a light most favorable to Tamway; a brief review of these facts as reflected by "deposition" testimony of Joseph E. Hill, general manager of Tamway, is in order.

Tamway, until shortly before the subject transaction, had leased trailers from a company called Transport Pool. Ernie Dawkins, formerly an employee of Transport Pool, called on Mr. Hill to persuade him to change Tamway's leasing business to RentCo. Mr. Hill agreed that Tamway would change its leasing business to Mr. Dawkins' new employer, RentCo., provided, *inter alia,* that the insurance on the leased trailers would be handled as it had been with Transport Pool. Transport Pool, according to the testimony, had, before delivering a trailer to Tamway's driver, telephoned a Mr. Percival, who worked for Goldsmith Insurance Agency, to add the newly leased trailer(s) to Tamway's existing insurance policy.

Mr. Dawkins talked with Percival who verified the coverage and the procedure. According to Mr. Hill's testimony, Dawkins, acting for RentCo., agreed that it, too, before delivering to Tamway's driver, would telephone the insurance agency to add the newly leased trailer(s) to Tamway's insurance policy. After these agreements were entered into, Tamway then changed its business to and began to least trailers from RentCo. On the first several leases, RentCo., as agreed, called Percival and all was well; however, when the subject lease was made, RentCo.'s leasing agent did not call Percival to activate the insurance and, as luck would have it, the trailer was wrecked.

Tamway pleaded the agreement between Hill and Dawkins and then pleaded estoppel, i.e., as a result of the oral agreement and the prior conduct of RentCo. in calling Percival to activate the insurance, RentCo. was estopped to deny the existence of the insurance and, therefore, compliance with the contract. Tamway, by paragraph 2 of the lease, which is attached to and incorporated in the complaint, agreed.

2. To insure both the equipment and Lessor's liability as owner of same, and furnish Lessor evidence thereof *all in a manner, form, amount and company from time to time satisfactory to Lessor*, until the equipment is returned to Lessor. The minimum coverage to be furnished hereunder shall be ... the reasonable value of the equipment under Par. 3 hereof. Lessor shall be named an additional insured ... with respect to damage to the leased equipment. (Emphasis ours.)

The basis of the trial court's order is that only agreements subsequent to the actual lease are admissible and that all prior agreements were merged with the lease. Based upon this law, the trial court found there were no geniune questions of fact at issue. We disagree.

The cardinal rule in the interpretation of contracts is to ascertain the intention of the parties to give effect to their intention. *Mingus v. Broom,* 203 S. C. 450, 27 S. E. (2d) 801 (1943).

For purposes of the motion for summary judgment, the trial judge accepted as true Tamway's allegations that the parties entered into a prior parol agreement that RentCo. would be responsible for calling Tamway's insurer and obtaining insurance before releasing trailers to Tamway's drivers. Ordinarily, a prior parol agreement pertaining to the same subject matter as a subsequent written agreement is presumed to have been incorporated and merged into the written agreement. *John Deere Plow Co. of St. Louis v. McLeod,* 132 F. Supp. 373 (D.C.S.C. 1955); *Young v. Levy,* 206 S. C. 1, 32 S. E. (2d) 889 (1945). However, this rule is inapplicable to a consistent parol agreement that was not intended to be merged into the written agreement. *Turner v. Turner,* 242 N. C. 533, 89 S. E. (2d) 245 (1955); 17 Am. Jur. (2d) *Contracts* § 262 (1964). A distinct collateral oral agreement, not incon-

sistent with a written agreement is not necessarily merged therein and may be proved and enforced. *Langenback v. Mays,* 205 Ga. 706, 54 S. E. (2d) 401, 11 A.L.R. (2d) 1221 (1949); 17 Am. Jur. (2d) *Contracts* § 262 (1964).

We hold that paragraph 2 of the contract omits any provisions relating to the "manner," in which insurance coverage would be obtained on the leased trailers. It then becomes a question of fact whether the parties intended that the prior parol agreement would control. If the fact finder should determine that the parties so intended, then RentCo. would be estopped to complain that Tamway did not insure the trailer in accordance with the terms of the lease agreement. *Cresent Co. v. Insurance Company of North America,* 266 S. C. 598, 225 S. E. (2d) 656 (1976).

We hold that there is a question of fact whether the parties agreed and intended that the method satisfactory to RentCo. from time to time (from lease to lease) of providing insurance was for the lessor (RentCo.) to call Percival, describe the trailer by serial number, etc., and thereby have it included on Tamway's existing policy. What the parties did intend is a question of fact and constitutes a material issue for determination by the triers of the fact. The trial court erred in granting summary judgment, and we so hold.

For the reasons stated, the judgment below is

Reversed.

SANDERS, C. J., and CURETON, J., concur.