1491

Viola CAMPBELL, Respondent-Appellant
v. BI-LO, INC., Appellant-Respondent.
(392 S.E. (2d) 477)

Court of Appeals

---

*Thomas L. Stephenson* and *James L. Rogers, Jr.* both of *Leatherwood, Walker, Todd & Mann,* Greenville, *for appellant, cross-respondent.*

*Preston F. McDaniel,* and *Thomas K. Fowler, Jr.,* Columbia, *for respondent, cross-appellant.*

Heard Feb. 19, 1990.

Decided April 16, 1990.

BELL, Judge:

This is a suit for retaliatory discharge from employment in violation of Section 41-1-80, Code of Laws of South Carolina, 1976, as amended. The statute prohibits an employer from discharging an employee because the latter has instituted a workers' compensation proceeding. A jury found the employer, Bi-Lo, Inc., guilty of retaliatory discharge and awarded the employee, Viola Campbell, $24,120.00 in damages. Bi-Lo appeals. Campbell cross appeals. We affirm.

The facts material to these appeals are not in dispute. Bi-Lo employed Campbell as a meat wrapper at its store in Moncks Corner, South Carolina. On September 19, 1984, Campbell injured her ankle while on the job. She filed a workers' compensation claim alleging she suffered disability as a result of her injury. She returned to work after a time. In April, 1986, Campbell requested and received a transfer to a Bi-Lo store in Columbia, South Carolina. In the summer of 1986, she complained that she was unable to continue work as a result of her previous injury. On August 1, 1986, Bi-Lo placed her on a leave of absence. She underwent treatment from a doctor, who cleared her for return to light duty on September 29, 1986.

In the meantime, Bi-Lo took Campbell's deposition in the workers' compensation proceeding on August 29, 1986. During the deposition, Campbell testified to a number of physical problems, unrelated to the ankle injury, which she had before she went to work for Bi-Lo. On September 19, 1986, Bi-Lo discharged Campbell on the stated ground that she had falsified her employment application by misrepresenting the state of her health.

Campbell commenced this action on September 17, 1987, while her workers' compensation claim was still pending. On January 12, 1988, she and Bi-Lo settled the workers' compensation claim by executing a Final Lump Sum Agreement and Release. The Agreement and Release was approved by

the Workers' Compensation Commission shortly thereafter. Bi-Lo then moved in circuit court to amend its answer to raise the Release as a defense to Campbell's retaliatory discharge claim. The court denied the motion and the jury was not allowed to consider the Release.

## I.

Bi-Lo appeals on the ground that the Release forecloses Campbell's suit for retaliatory discharge.

The construction of a written instrument is, in the first instance, a question of law for the court. *Bishop Realty and Rentals, Inc. v. Perk, Inc.*, 292 S.C. 182, 355 S.E. (2d) 298 (Ct. App. 1987), *cert. denied*, 293 S.C. 538, 362 S.E. (2d) 26 (1987). In construing a written agreement, the court seeks to ascertain and give effect to the intention of the parties. *Rentco, a Division of Fruehauf Corporation v. Tamway Corporation*, 283 S.C. 265, 321 S.E. (2d) 199 (Ct. App. 1984). In determining the nature of the Release, we look first to the instrument itself. *See Pee Dee State Bank v. National Fiber Corporation*, 287 S.C. 640, 340 S.E. (2d) 569 (Ct. App. 1986).

In this case, the import of the Release is plain. It recites that Campbell sustained injury to her ankle in an accident arising out of and in the course of her employment; that she has been paid $9,410.43 for temporary total disability and $4,934.11 for medical expenses by Bi-Lo's workers' compensation carrier; and that disputes exist between the parties concerning her entitlement to further compensation. It then goes on to state:

> Under the proposed settlement, the Defendants have agreed to pay, and the Claimant has agreed to accept, the additional sum of Fifteen thousand and no/100 ($15,000.00) Dollars in full settlement and satisfaction of every liability under the Act and otherwise growing out of or in any way connected with said injury by accident occurring on or about September 19, 1984 as well as any other injury by accident sustained by the Claimant while she was an employee of Bi-Lo, Inc.

\* \* \* \* \* \*

> The Claimant . . . recognizes that her consent to, and the approval of, this settlement is a final determination and adjudication of all benefits under the South Carolina Workers' Compensation Act, growing out of, or in any way connected with, the aforesaid injury by accident occurring on or about September 19, 1984 or any other injury by accident at any other time while the Claimant was an employee of Bi-Lo, Inc.

Finally, the Release states that Campbell releases and discharges Bi-Lo

> from any and all debts, claims, demands, causes of action, rights of action, and liabilities whatsoever of any injury sustained by the Claimant while in the employer's employ on September 19, 1984 or at any other time and including, but not limited to, any right which the Claimant might otherwise have to demand employment or benefits for disability, disfigurement, bodily impairment, medical treatment, medicine or drugs, lost time or death, under the Act or at Common Law and specifically including any right which Claimant might otherwise have to demand further benefits by way of compensation or medical care under the Act because of a change in condition hereinafter . . . whether or not arising out of . . . Claimant's injury by accident aforesaid or any other injury while in the employ of Bi-Lo, Inc. and each and every consequence thereof, whether known or unknown.

Reading the Release as a whole,[1] it is plainly limited to claims Campbell may have at common law or under the Workers' Compensation Act. A claim for retaliatory discharge fits neither category. Moreover, there is no mention of her retaliatory discharge claim, although it was pending at the time and could easily have been included in the Release if the parties so intended. We hold, as a matter of law, that the Release does not bar Campbell's retaliatory discharge action. Accordingly, the circuit court correctly denied Bi-Lo's motion to amend its answer to plead the Release as a defense to retaliatory discharge.

---

[1] *Cf., Carr v. United Van Lines, Inc.*, 289 S.C. 194, 345 S.E. (2d) 734 (Ct. App. 1986) (purport of written agreement must be gathered from entire agreement as a whole).

## II.

As an additional ground for appeal, Bi-Lo argues that Campbell failed to prove any lost wages. According to Bi-Lo, the evidence shows Campbell could not continue her employment as a meat wrapper because of her disability. Since she could not perform the job, Bi-Lo reasons, she had no right to be continued in employment and lost no wages for purposes of Section 41-1-80.

The short answer to this argument is that the evidence was conflicting on Campbell's ability to return to her former duties. Campbell herself testified:

Q. . . .[I]f you had not been terminated, on September the 29th when you were to go back to work, could you have gone back to be a meat wrapper?
A. I would have.

Moreover, her treating physician stated in his report to the insurance carrier on September 15, 1986:

PLAN: Will discharge patient today with a prescription to continue physical therapy for an additional two weeks and a note to return to all of her normal work duties on Monday the 29th of September 1986.

This evidence permitted the jury to find that Campbell would have returned to her job had Bi-Lo not terminated her. Bi-Lo's argument on this point is without merit.

## III.

We now turn to Campbell's cross appeal. She maintains the circuit court erred in refusing to charge the jury that she is entitled to future earnings and punitive damages under Section 41-1-80. The statute reads, in pertinent part:

Any employer who violates any provision of this section is liable in a civil action for lost wages suffered by an employee as a result of the violation, and an employee discharged . . . in violation of this section is entitled to be reinstated to his former position. The burden of proof is on the employee.

In *Wallace v. Milliken*, 300 S.C. 553, 389 S.E. (2d) 448 (S.C. Ct. App. 1990), we stated that the statute allows a wrongfully discharged employee to recover *only* lost wages and reinstatement. We suggested that "lost wages" consist of back pay, an equitable remedy in the nature of restitution, not legal damages. *Id.* In general, if a statute creates a substantive right and provides a remedy for infringement of that right, the plaintiff is limited to the statutory remedy. *Burland, Reiss, Murphy & Mosher, Inc. v. Schmidt*, 78 Mich. App. 670, 261 N.W. (2d) 540 (1977); *Red Oak Lands, Inc. v. Lane*, 268 S.C. 631, 235 S.E. (2d) 718 (1977). Moreover, punitive damages are not available in equity. *Harper v. Ethridge*, 290 S.C. 112, 348 S.E. (2d) 374 (Ct. App. 1986). Accordingly, we hold that Campbell is not entitled to future earnings or punitive damages under Section 41-1-80.

## IV.

Finally, Campbell asserts the circuit court improperly allowed testimony concerning payments from a collateral source into evidence. At trial, Campbell testified that she lost her house and car because she had no money after she lost her job with Bi-Lo. On cross examination, Bi-Lo's attorney sought to impeach her by having her admit she received substantial sums of money from her workers' compensation settlement, as well as payment of all her medical bills. The trial judge permitted the impeaching testimony.

The record does not reflect that Campbell stated any ground for objecting to the testimony at trial. Thus, the issue of its admission is not preserved for appellate review. *Sloan v. Lee*, 121 S.C. 426, 114 S.E. 408 (1922); *Durr v. McElrath*, 299 S.C. 30, 382 S.E. (2d) 20 (Ct. App. 1989). In addition, she does not raise the issue by a proper exception. This Court will not address an issue not raised by a proper exception. *Walker v. Frericks*, 292 S.C. 87, 354 S.E. (2d) 915 (Ct. App. 1987). In any event, we find her argument without merit, because the testimony was properly elicited for the purpose of impeachment.

For the reasons stated, the judgment is affirmed.

Affirmed.

GARDNER and CURETON, JJ., concur.

